# United States District Court

### WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**CHARLES AARON FREELAND**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:10-CR-104

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
  - [x] for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
  - [ ] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 35 and a long-time resident of the district. He is supported by his wife who was present in court. Defendant is unemployed. He has abused marijuana nearly half his life.

Defendant's criminal record is highlighted by a federal felony conviction for conspiring to deliver crack cocaine. He has three other convictions for possessing marijuana, and six separate convictions for driving while license suspended. Significantly, defendant also has four failures to appear in court, and two of his drug convictions (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant in court, and there is clear and convincing evidence that no condition or combination of conditions will assure the safety of the community, based upon the unrebutted presumption. Notwithstanding defendant's long-time ties with the Battle Creek area, and his awareness of an investigation, I find the presumption that defendant will not appear has not been rebutted in light of his extensive (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 4, 2010

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:10-cr-00104-JTN    ECF No. 23,   PageID.39    Filed 05/05/10    Page 2 of 2

United States v. **CHARLES AARON FREELAND**
1:10-CR-104
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

occurred while he was on probation for other offenses. Moreover, at the time defendant and another person were arrested, a police witness testified it looked like they were going to try to run, but the house was surrounded.

**Part II - Written Statement of Reasons for Detention** - (continued)

demonstrated history of failing to conform his conduct to the orders of the court (i.e., four failures to appear and two convictions for drug offenses while already on supervised release), coupled with his utter disregard for the prohibition against driving shown by his six convictions for driving while license suspended. Alternatively, and aside from the presumption, I find the government has shown by the preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant at future court proceedings based upon these same failures to obey previous orders of the court.